**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ALMA BAITY,**

    **Plaintiff,**

**v.**                                                    **Case No. 8:04-cv-1244-T-TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
                                                      /

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was fifty-one years of age at the time of her administrative hearing. She stands 5', 11" tall and weighed 150 pounds. Plaintiff has a high school education. Her past relevant work was in food service at a snack bar and as supervisor at the snack bar. Plaintiff applied for disability benefits in August 2001 (protective filing date), alleging disability as of January 6, 2001, by reason of back and hip pain extending into her legs. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). In essence, Plaintiff claimed that she could no longer work at any job

because of pain in her lower back, hip and groin area, legs, and right shoulder. Plaintiff worked in the food service industry for twenty-one years and last worked in January 2001. She reported that she injured her back at work on two occasions, the most recent being in February 1999 while lifting a gate. Plaintiff testified that as a result, she suffers from pain all the time and sometimes a sharp, severe pain. To alleviate the pain, she lies down and takes medication, though the medications do not really help and they make her tired and sometimes nauseous. She has undergone much physical therapy and has had injections in her hip and heels. By Plaintiff's account, the injections made the pain worse and made her unable to walk for about a week.

Plaintiff is married and lives in a house with her husband and a twelve-year-old son. She completed high school, though she indicated that she does not spell well. She is able to do simple math but no division. Plaintiff testified to limited daily activities. According to Plaintiff, she is able to cook some things but cannot cook a big meal. She is unable to do the dishes, vacuum, mop, sweep, or do yard work and gardening due to pain. She is able to do the laundry with assistance from her son, and she sometimes does the grocery shopping with a friend. Plaintiff is able to drive, and she sometimes takes her son to and from school. She is able to dress and can bathe herself except for her back because she is unable to reach with her arms. Plaintiff said that she is unable to sleep because of the pain. She goes to church and she visits briefly with friends and relatives.

Regarding her functional abilities, Plaintiff testified that she can walk for about thirty minutes before she needs to take a break because of the pain. She is able to stand for ten to fifteen minutes if she switches from one leg to the other, but she is unable to stand straight up

because of the pain in her lower back and legs.  She also becomes stiff and bent over when it is cold.  Plaintiff estimated that she could walk and stand for one hour with breaks in an eight-hour day.  Plaintiff is able to sit for about ten or twenty minutes if she switches sides, and she estimated that she could sit for a couple of hours in an eight-hour day.  Because her medication makes her drowsy, Plaintiff lies down and takes naps two or three times a day everyday for about thirty minutes to two hours at a time.

Plaintiff also complained of pain, swelling, and stiffness in her left arm, and pain and popping in two fingers in her right hand.  Plaintiff testified that she is unable to reach with her arms over her head or hold her left arm straight out.  She is able to lift a gallon of milk or a five-pound bag of sugar, but it hurts.  Plaintiff does not have problems hearing, seeing with glasses, or breathing.  She testified that she has hypertension, but it is well-controlled.

Plaintiff had attempted light duty work in an office, but she couldn't tolerate the sitting.  She testified that she is receiving Workman's Compensation payments and still has a Workman's Compensation claim pending.  See Plaintiff's testimony (R. 399-419).

The ALJ also took testimony from Dr. Steven Simon, a vocational expert (hereinafter "VE"), who testified upon an assumption of an individual with Plaintiff's age, educational background, and work experience, with the residual functional capacity for a limited range of light work, who can lift and carry 20 pounds occasionally and 10 pounds frequently, sit for six hours in an eight-hour workday, stand and walk for six hours out of an eight-hour workday with the option to alternate positions every hour, and occasionally climb, balance, stoop, crouch, kneel, and crawl.  Upon this assumption, the VE opined that Plaintiff would not be able to perform her past relevant work but that she could perform unskilled jobs

such as cashier, ticket seller, or office helper. Upon the additional assumption that Plaintiff suffers from drowsiness lasting from thirty minutes to an hour and needs to lie down two to three times a day for thirty minutes at a time, the VE opined that Plaintiff would not be able to retain these jobs. See VE's testimony (R. 417-23).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are addressed herein as necessary.

By his decision of September 2, 2003, the ALJ determined that while Plaintiff has a severe impairment related to cervicolumbar disc disease, she nonetheless had the residual functional capacity to perform a significant range of light work. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to her in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled.[1] (R. 11- 20). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous

---

[1] By the ALJ's decision, Plaintiff applied for both Social Security disability benefits *and* Supplemental Security Income payments. See (R. 11, 20). The administrative record and the parties' memoranda do not reflect that Plaintiff sought Supplemental Security Income payments.

period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  See id. at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate that she has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that

5

the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The ALJ failed to properly apply the Eleventh Circuit's pain standard; and

(2) The ALJ erred by relying on the vocational expert's response to an inaccurate hypothetical.

By her first claim, Plaintiff complains that the ALJ erred in his analysis of her pain complaints and that the conclusion that she could perform a significant range of light work despite her pain is unsupported by the medical evidence. By Plaintiff's argument, her medical condition and related symptoms met the standard and she is disabled. More particularly, Plaintiff argues that the medical evidence clearly revealed underlying medical conditions related to a herniated disc, lumbar disc disease, spinal stenosis, lumbar radiculitis, and chronic lower back pain which support her claim of disabling pain and the ALJ erred in not recognizing this.

In this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.  By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)).  A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability.  Id.; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision.  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  Id. at 1562 (citing MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986)).

Here, it is clear that the ALJ was cognizant of the applicable Eleventh Circuit "pain standard" as well as the similar regulatory standard, citing both in his decision.  See (R. 16).  A fair reading of the decision reflects that the standards were duly applied in this case.  After fairly summarizing the entire medical record, the ALJ credited Plaintiff generally with cervicolumbar disc disease, expressly noting objective evidence confirming bulging annulus in the lumbar spine causing multiple mild to moderate stenosis, lumbar radiculopathy, and mild narrowing of the neural foramina in the cervical spine and Dr. Antonio Castellvi's notation of thoracic or lumbosacral neuritis or radiculitis.  See (R. 13-14).  Further, the

decision reflects that the ALJ acknowledged that Plaintiff's pain complaints imposed significant limitations on her functional abilities, however, not to the extent that she was disabled thereby. As noted above, an ALJ may discount or wholly discredit a claimant's subjective complaints by stating adequate reasons for doing so. Here, the ALJ offered numerous reasons for concluding that despite her symptoms, Plaintiff could still do a limited range of light exertional work. See (R. 16). While some of these reasons are more persuasive than others, they are supported by the record and more than adequate to allow for the conclusion reached.[2]  See Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989).

By her second claim, the Plaintiff urges that the ALJ employed an incomplete hypothetical question and consequently erred in relying upon the VE's testimony that she could perform work as a cashier, a ticket seller or as an office helper. Thus, she argues that the ALJ should have incorporated the additional limitation, as posed by her counsel at the hearing, that she would have to lie down two or three times a day for a minimum of thirty minutes each time. As indicated by the VE, upon such an additional assumption, Plaintiff was incapable of performing any of the work he identified for the ALJ. See (R. 422-23). In support of this argument, Plaintiff notes that she was prescribed a number of medications that could be expected to cause drowsiness and the records reflect one entry documenting a

---

[2]Significantly, the ALJ cited the conclusions by treating orthopedist, Dr. Castellvi, and his associate, Dr. Howard Jackson, that Plaintiff could do light exertional work; Plaintiff's lack of distress at the hearing; contraindications in the record as to when she left work; the fact that some of the examining doctors openly questioned the veracity of her pain complaints given that they didn't "jive" with the objective studies, with one actually accusing her of malingering; a lack of evidence of a significant loss of weight; her ability to do some daily chores; and a lack of third party support for her testimony as reasons for concluding that she overstated her subjective limitations. (R. 16).

complaint that medications make her sleepy. Citing Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985), Plaintiff argues that because the ALJ's hypothetical question was incomplete, his decision was not supported by substantial evidence and a remand is necessary.

The Plaintiff is correct that case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. See Pendley, 767 F.2d at 1562. Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. Id. at 1562-63 (quoting Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980)).

The decision reflects that the ALJ expressly referenced this additional limitation but concluded that the limitation was not supported by the record and Plaintiff simply was not this restricted in her ability to work. See (R. 18). After careful consideration, I am compelled to accept the conclusion by the ALJ as it is supported by the evidence. As set forth in Section II above, it is the duty of the Commissioner, not the courts, to weigh the evidence, assess the credibility of the witnesses, and to resolve any conflicts in the evidence. The court's role is to assure that the applicable standards were applied by the Commissioner and that the conclusions are supported by substantial evidence.

Here, upon the ALJ's review of the medical record, those doctors whose opinions he accepted as controlling did not document or even suggest such serious limitations. My own review of the medical record confirms this conclusion. Over the course of her treatment, Drs. Castellvi and Jackson repeatedly found Plaintiff capable of performing light work. A review

9

of the numerous treatment notations from their clinic reflects no complaints of drowsiness because of medication.[3] Nor do the notes reflect any restrictions imposed by these doctors for this reason. The single reference cited by the Plaintiff from the notes by Dr. Joseph E. Whitaker in August 2002 merely states, "DN - 100 helps but gets sleepy." (R. 393). As noted by the ALJ, there is a dearth of treatment notes from this doctor and any opinion rendered by him would not be entitled to controlling weight. In any event, this note, reflecting only the comments by the Plaintiff, can hardly be read to confirm the rather extreme side effect claimed by the Plaintiff at her hearing and hardly required the ALJ to credit the Plaintiff with a disabling side effect from medication. Cf. Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001) (providing that an ALJ is not required to include in a hypothetical question those limitations he concludes are not credible). Thus, I find that the ALJ was not required to include this severe limitation in his hypothetical question to the VE. The hypothetical question employed by the ALJ is not otherwise shown to be improper or inadequate, and I conclude that Plaintiff is not entitled to relief on this claim.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is

---

[3] The single reference I can find to any side effects from the medication being prescribed by these doctors (Vioxx and Ultram) is a complaint of nausea and vomiting. See (R. 180). The notes from the following month reflect a change of medication to Vioxx and Darvocet-N but no complaints of side effects. (R. 177). At the hearing, Plaintiff testified that some of the medication made her nauseous two to three times a week for a couple of hours, but she did not vomit. (R. 414).

10

otherwise supported by substantial evidence.  The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 12th day of July 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record